Attorney for Appellant

Gregory L. Lampkins, 
pro
 
se

Pendleton, Indiana

Attorneys for Appellee

Pamela Carter

Attorney General of Indiana

Randi F. Elfenbaum

Deputy Attorney General

Indianapolis, Indiana

IN THE

INDIANA SUPREME COURT

GREGORY L. LAMPKINS,

Appellant (Defendant below),

v.

STATE OF INDIANA,

Appellee (Plaintiff below).

)

) Supreme Court No.

) 18S04-9609-CR-597

)

) Court of Appeals No.

) 18A04-9601-CR-26

)

)

)

APPEAL FROM THE DELAWARE SUPERIOR COURT

The Honorable Robert Barnet, Judge

Cause No. 18D01-9411-CF-55

ON PETITION FOR REHEARING

SULLIVAN,  Justice.

Defendant Gregory Lampkins, 
pro
 
se
, seeks rehearing from our decision in 
Lampkins v. State
, 682 N.E.2d 1268 (Ind. 1997), in which we affirmed his conviction for Dealing in Cocaine, a class A felony.
(footnote: 1)  We grant rehearing to address defendant’s petition.

The full background of defendant’s case is available at 
Lampkins v. State
, 682 N.E.2d 1268.  We recite only those facts necessary to our decision on rehearing.  Defendant was charged with and convicted of Dealing in Cocaine after a legitimate stop and search of the car in which he was a passenger yielded a Tylenol bottle containing twenty-one rocks of crack cocaine; the driver of the car also was charged and convicted.  
See
 
Cooley v. State
, 682 N.E.2d 1277 (Ind. 1997).  According to testimony from the investigating officers, the Tylenol bottle was “in plain view” beneath the passenger seat in which defendant had been riding.

In order to obtain defendant’s conviction for Dealing in Cocaine, the State was required to prove beyond a reasonable doubt that the defendant (a) possessed cocaine (b) with intent to deliver.
(footnote: 2)  Defendant did not have the cocaine on his person when he was searched.  Rather, the cocaine was found in a Tylenol bottle underneath the passenger seat in which the defendant had been sitting.  In the absence of actual possession of drugs, our court has consistently held that “constructive” possession may support a conviction for a drug offense.  
Young v. State
, 478 N.E.2d 50, 51 (Ind. 1985); 
Thomas v. State
, 260 Ind. 1, 4, 291 N.E.2d 557, 558 (1973).  The State must show that the defendant has both (i) the intent to maintain dominion and control and (ii) the capability to maintain dominion and control over the contraband.  
Bergfeld v. State
, 531 N.E.2d 486, 490 (Ind. 1988); 
Fassoth v. State
, 525 N.E.2d 318, 323 (Ind. 1988).

The capability element was established because the Tylenol bottle was within reach of defendant.  
Lampkins
, 682 N.E.2d at 1275.  As to the intent element, there must be “additional circumstances” supporting the inference of intent to maintain dominion and control when possession is non-exclusive.  
Fassoth
, 525 N.E.2d at 323; 
Davenport v. State
, 464 N.E.2d 1302, 1307 (Ind. 1984).  To establish the intent element here, we cited three additional circumstances.  
Lampkins
, 682 N.E.2d at 1276.  First, co-defendant Cooley’s girlfriend testified without objection that co-defendant and defendant had returned from Atlanta where they had gone “to get some drugs” two days before the events here at issue.  Second, at trial, the arresting officer testified that after he stopped co-defendant’s vehicle and obtained his permission to search, he looked in and could see the Tylenol bottle “in plain view.” Proximity to contraband “in plain view” is an additional circumstance which supports the inference of intent in this context.  
Person v. State
, 661 N.E.2d 587, 590 (Ind. Ct. App. 1996), 
trans.
 
denied
; 
Moore v. State
, 613 N.E.2d 849, 854 (Ind. Ct. App. 1993); 
Lewis v. State
, 482 N.E.2d 487, 491 (Ind. Ct. App. 1985).  Third, the co-defendant did not pull the vehicle over when the police activated their overhead lights to make the stop; the police had to cut off the vehicle in order to stop it.  Flight is also an additional circumstance.  
Person
, 661 N.E.2d at 590; 
Moore
, 613 N.E.2d at 854; 
Lewis
, 482 N.E.2d at 491.

In his Petition for Rehearing, defendant points out that the principal “plain view” case, 
Minnesota v. Dickerson
, 508 U.S. 366 (1993), permits invocation of the doctrine only where the incriminating character of the contraband is immediately apparent.  
Id.
 at 374-375.  There is nothing, argues defendant, “immediately apparent” about the incriminating character of a Tylenol bottle.  Defendant’s contention that a closed Tylenol bottle does not constitute contraband in plain view is well taken.
(footnote: 3)  At the same time, proximity to contraband “in plain view” was not the sole factor — but one of three factors — cited to support the intent to maintain dominion and control element.  While we vacate our reliance on the “plain view” additional circumstance,
(footnote: 4) we continue to find sufficient evidence of constructive possession to support the conviction.  Our opinion in 
Lampkins v. State
 is modified accordingly.

SHEPARD, C.J., and SELBY and BOEHM, JJ., concur.

DICKSON, J., dissents, believing the evidence is insufficient to sustain the conviction.

FOOTNOTES
1:
Ind. Code § 35-48-4-1(2) (1993).  Defendant was also found to be an habitual offender.

2:
Ind. Code § 35-48-4-1(2) (1993).

3:
The investigating officers testified that at the time they seized the Tylenol bottle they did not know that it “contained anything contraband.”

4:
The fact that we find the contraband was not “in plain view” is significant only as to whether there was a sufficient showing of Lampkins’s intent necessary to establish constructive possession of the drugs.  The seizure of the Tylenol bottle was valid as it was conducted pursuant to the driver’s consent.  
Cooley
, 682 N.E.2d at 1279.