Michael B. ADAMS, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 29A02–1008–CR–903.

Court of Appeals of Indiana.

March 31, 2011.

Rehearing Denied June 10, 2011.

James D. Crum, Cathy M. Brownson, Coots, Henke & Wheeler, P.C., Carmel, IN, Attorneys for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Gary R. Rom, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Michael B. Adams appeals his conviction of Class A misdemeanor possession of marijuana.[1] He also appeals the trial court's decision to suspend his driver's license and registration pursuant to Ind. Code § 35–48–4–15.[2] We affirm.

## FACTS AND PROCEDURAL HISTORY

On September 30, 2009, Adams was a passenger in a car pulled over for speeding. The officer approached the car on the passenger side to request identification from Adams and the driver, and the officer noticed Adams reaching in the area between the seat and the door. When Adams rolled down the passenger window, the officer smelled raw marijuana. Both occupants of the vehicle presented their licenses. The officer checked for outstanding warrants, returned to the car, and asked the men to exit the car.

Once Adams and the driver were outside the car, the officer inquired why the car smelled of marijuana. The driver admitted he smoked marijuana in the car before Adams entered the car. Both the driver and Adams denied there was any illegal substance in the car; however, the officer saw a jar containing marijuana on the passenger-side floor, protruding from beneath the passenger seat where Adams had been sitting.

The court convicted Adams of Class A misdemeanor possession of marijuana and sentenced him to 365 days, with 363 suspended to probation. The trial court also suspended Adams' driver's license and vehicle registration for 180 days pursuant to Ind.Code § 35–48–4–15.

1. Ind.Code § 35–48–4–11(1).

2. Ind.Code § 35–48–4–15(a) provides the trial court "shall" suspend the driver's license, vehicle registrations, and ability to register vehi-

## DISCUSSION AND DECISION

1. *Sufficiency of the Evidence*

When reviewing sufficiency of evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the trial court's decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind.2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* To preserve this structure, when we are confronted with conflicting evidence we consider it most favorably to the trial court's ruling. *Id.* We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the trial court's decision. *Id.* at 147.

Possession can be actual or constructive. *Lampkins v. State*, 682 N.E.2d 1268, 1275 (Ind.1997), *modified on reh'g on other grounds*, 685 N.E.2d 698 (Ind.1997). As Adams did not have actual possession of the marijuana in question, we must determine whether the State proved he constructively possessed it. For the State to prove constructive possession, it must prove the defendant had the intent and capability to maintain dominion and control over the contraband. *Id.* To prove intent to maintain dominion and control, there must be additional circumstances supporting the inference of intent. *Id.* Proximity to contraband in plain view is one such circumstance. *Id.* Constructive

cles of a person convicted of certain delineated drug offenses, if the court finds a vehicle was used in the commission of the crime.

possession may also be proven by a defendant's incriminating statements, attempted flight or furtive gestures, or the comingling of contraband with other items the defendant owns. *Henderson v. State,* 715 N.E.2d 833, 835–36 (Ind.1999). Where a passenger is charged with possession, the evidence is more likely to be sufficient when the passenger could see the contraband and was the best position to access it, and when no evidence clearly indicates it belonged to or was under the control of another occupant of the vehicle. *Deshazier v. State,* 877 N.E.2d 200, 208 (Ind.Ct. App.2007), *trans. denied.*

■ Adams was in the front passenger seat and the marijuana was in plain view on the front passenger-side floorboard. When the officer approached the passenger side of the vehicle, Adams reached between the seat and the door, and Adams seemed "extremely nervous [and] his hand was visibly shaking." (Tr. at 39.) The officer testified he smelled raw marijuana when Adams rolled down the window. This evidence is sufficient to prove Adams constructively possessed the marijuana found on the front passenger floorboard in the vehicle. *Cf., Godar v. State,* 643 N.E.2d 12, 15 (Ind.Ct.App.1994) (evidence not sufficient when marijuana merely found under defendant passenger's seat because the contraband was not in plain view and defendant did not "act furtively to suggest that he placed the marijuana underneath the front passenger seat."), *reh'g denied, trans. denied.* Thus, we affirm his conviction of Class A misdemeanor possession of marijuana.

2. *Application of Ind.Code § 35–48–4–15(a)*

When a person is convicted of possession of marijuana, and a "motor vehicle was used in the commission of the offense," the trial court

shall, in addition to any other order the court enters, order that the person's:

(1) operator's license be suspended;

(2) existing motor vehicle registrations be suspended; and

(3) ability to register motor vehicles be suspended;

by the bureau of motor vehicles for a period specified by the court of at least six (6) months but not more than two (2) years.

Ind.Code § 35–48–4–15(a). Adams argues he did not use a motor vehicle in the commission of the offense.

As the issue raised by Adams is one of statutory interpretation, our review is *de novo. D.C. v. State,* 935 N.E.2d 290, 293 (Ind.Ct.App.2010). Therefore, we give no deference to the trial court's decision. *Id.*

In interpreting a statute, we first decide if the statute is ambiguous. *Id.* If it is not, we need not and do not interpret the statute, but apply its plain and clear meaning. *Id.* If the statute is susceptible to more than one reasonable interpretation, it is ambiguous. In that situation, we must determine what the legislature's intent for the statute was and then we must interpret the statute to give effect to that intent. *Id.* Statutes must be read in harmony with related statutes. *Id.*

■ Adams argues the phrase indicating suspensions should occur when a "motor vehicle was used in the commission of the offense," Ind.Code § 35–48–4–15, is ambiguous. He asserts the statute does not make clear what role the motor vehicle must serve in the commission of the offense, nor does it define the nexus required between the offender and the motor vehicle. Ultimately, he urges us to hold the statute does not apply to him because he was a passenger in the car. We cannot agree.

We have interpreted a similar clause in Ind.Code § 34–24–1–1, which governs the seizure of vehicles or property used in certain crimes. That statute, in pertinent part, permits seizure of vehicles "if they are used or are intended for use ... to transport or in any manner to facilitate the transportation" of certain controlled substances, stolen property, or hazardous materials. Ind.Code § 34–24–1–1.

Pursuant to that statute, we have held the transportation in a motor vehicle of one pound of marijuana for the purposes of committing Class A misdemeanor dealing in marijuana was sufficient to require a defendant to forfeit the vehicle. *$100 v. State*, 822 N.E.2d 1001, 1017 (Ind.Ct.App. 2005), *trans. denied.* We have also held that statute permits a motor vehicle to be seized based on its use in the commission of a crime when the driver transported therein less than ten grams of cocaine. *Cantrell v. Putnam Cty. Sheriff's Dept.*, 894 N.E.2d 1081, 1085–86 (Ind.Ct.App. 2008).

Based on the similarities in the language used by the legislature in the two statutes, we interpret similarly the statute at issue in this case. Ind.Code § 35–48–4–15 requires only that the vehicle be *used* in the commission of the crime. Pursuant to Ind. Code § 34–24–1–1, we have held mere transportation of an illegal substance from one place to another is sufficient to demonstrate the vehicle was *used* in the commission of the crime of possession. *See Cantrell,* 894 N.E.2d at 1086 (Ind.Ct.App.2008) (vehicle used to facilitate the transportation when vehicle used to transport cocaine across state lines and back). We apply the same reasoning to the facts herein: marijuana was in the vehicle in which Adams was riding, and the vehicle was being used to transport the marijuana, thus Adams' driving and registration privileges were properly suspended pursuant to Ind.Code § 35–48–4–15.

## CONCLUSION

There was sufficient evidence to convict Adams of Class A misdemeanor possession of marijuana, and the trial court properly suspended his license and registration pursuant to Ind.Code § 35–48–4–15. We accordingly affirm.

Affirmed.

FRIEDLANDER, J., and MATHIAS, J., concur.