**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 25 2013, 9:39 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**ANDREW J. BORLAND**
Borland & Gaerte
Indianapolis, Indiana

**RUTH JOHNSON**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| D.J., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1206-JV-490 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marilyn A. Moores, Judge
The Honorable Geoffrey A. Gaither, Magistrate
Cause No. 49D09-1204-JD-948

**January 25, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

D.J. appeals his adjudication as a delinquent[1] for what would be, if committed by an adult, Class A misdemeanor dangerous possession of a firearm[2] and Class D felony theft.[3] We affirm.

## FACTS AND PROCEDURAL HISTORY

On April 12, 2012, D.J. and his mother ("Mother") visited Mother's friend, Tommy Dorsey, at Dorsey's residence. Dorsey and Mother left the residence for approximately an hour to retrieve Mother's car, and D.J. stayed behind at Dorsey's residence. When Dorsey and Mother returned, Dorsey noticed D.J. exiting the rear area of the residence. Dorsey asked D.J. why he was in that area of the house, and D.J. responded he was getting a drink of water from the kitchen. However, D.J. was not carrying a glass and no used glass was sitting out in the kitchen. Dorsey asked D.J. where his glass was and D.J. did not respond.

After D.J. and Mother left, Dorsey noticed a chair had been moved from the kitchen to his bedroom, where he kept his handgun in a closet. When Dorsey looked in the place where he normally kept the handgun, he found only the holster. That evening, he searched the entire residence for the handgun and was unable to find it.

The next day, Dorsey contacted Mother and asked her to bring D.J. to Dorsey's residence. She did so. Dorsey explained what he found in his residence and that his handgun was missing. D.J. denied taking the handgun. Dorsey and Mother searched D.J.'s vehicle and discovered the handgun in a rear compartment of the vehicle. In addition, Mother found

_____

[1] Ind. Code § 31-37-1-2.
[2] Ind. Code § 35-47-10-5.
[3] Ind. Code § 35-43-4-2(a).

2

pictures of the gun on D.J.'s phone.

The State alleged D.J. was a delinquent for committing acts that, if committed by an adult, would be Class A misdemeanor dangerous possession of a handgun, Class D felony theft, and Class A misdemeanor possession of a handgun without a license.[4]  The juvenile court entered true findings on all counts, but "close[d] out" (Tr. at 63) the true finding for Class A misdemeanor carrying a handgun without a license.  The juvenile court placed D.J. on probation based on the other two counts.

**DISCUSSION AND DECISION**

On review of a juvenile adjudication, we apply the same sufficiency standard used in criminal cases.  *A.E.B. v. State*, 756 N.E.2d 536, 540 (Ind. Ct. App. 2001).  We do not reweigh evidence or judge credibility of witnesses.  *D.R. v. State*, 729 N.E.2d 597, 599 (Ind. Ct. App. 2000).  Instead we look only to the evidence and reasonable inferences therefrom that support the determination.  *Id*.

1.    Theft

Indiana Code § 35-43-4-2(a) provides "[a] person who knowingly or intentionally exerts unauthorized control over property of another person, with the intent to deprive the other person of any part of its value or use, commits theft."  D.J. argues the evidence presented by the State was purely circumstantial and, therefore, insufficient.  We disagree.

A theft conviction may be sustained by circumstantial evidence alone if that circumstantial evidence supports a reasonable inference of guilt.  *Mork v. State*, 912 N.E.2d

---

[4] Ind. Code § 35-43-4-2(a).

3

408, 411 (Ind. Ct. App. 2009). At D.J.'s adjudication hearing, the State presented evidence D.J. was alone in Dorsey's residence for an hour. When Dorsey and Mother returned to the residence, D.J. was exiting the kitchen at the back of the house. When asked why he was in that area of the house, D.J. indicated he was getting a glass of water; however, D.J. was not carrying a glass nor did Dorsey find an empty glass in the kitchen. After D.J. left Dorsey's residence, Dorsey noticed a chair normally in the kitchen had been moved to the bedroom and his gun was missing. The next day, Dorsey contacted Mother about the missing gun, and D.J. and Mother returned to Dorsey's residence. Mother and Dorsey found the handgun in a rear compartment of Mother's vehicle and found pictures of the gun on D.J.'s phone. That evidence was sufficient to adjudicate D.J. a delinquent for what would be Class D felony theft if committed by an adult. *See Mork,* 912 N.E.2d at 411 (circumstantial evidence sufficient to convict Mork of theft).

    2.    <u>Dangerous Possession of a Firearm</u>

D.J. also argues the State did not present sufficient evidence he possessed Dorsey's firearm. We disagree.

Indiana Code § 35-47-10-5 provides "[a] child who knowingly, intentionally, or recklessly: possesses a firearm for any purpose other than a purpose described in section 1[5] of this chapter . . . commits dangerous possession of a firearm." (Footnote added.) Possession can be actual or constructive. *Lampkins v. State*, 682 N.E.2d 1268, 1275 (Ind. 1997),

---

[5] D.J. does not argue the facts of his case fall under any of the exemptions described in Ind. Code § 35-47-10-1, which include exemptions for hunting, firearms target shooting, and permissive use of a firearm by a child.

4

*modified on reh'g on other grounds*, 685 N.E.2d 698 (Ind. 1997). As D.J. did not have actual possession of Dorsey's firearm at the time it was discovered, the State must prove D.J. had constructive possession, defined as the intent and capability to maintain dominion and control over the item. *See id*. To prove intent to maintain dominion and control, there must be additional circumstances supporting the inference of intent. *Id*. Constructive possession may also be proven by a defendant's incriminating statements, attempted flight or furtive gestures, or the comingling of contraband with other items the defendant owns. *Henderson v. State*, 715 N.E.2d 833, 835-36 (Ind. 1999).

D.J. had ample opportunity to take the handgun from Dorsey's residence. Dorsey's firearm was later discovered in Mother's vehicle. D.J. denied knowing where the handgun was, but there were pictures of the handgun on D.J.'s phone. That was sufficient evidence to prove D.J. constructively possessed Dorsey's handgun. *See Conrad v. State*, 747 N.E.2d 575, 583 (Ind. Ct. App. 2001) (holding evidence sufficient to prove constructive possession of a firearm despite non-exclusive control over area where firearm was found), *trans. denied*.

## CONCLUSION

The State presented sufficient evidence to support D.J.'s adjudication for offenses that, if committed by an adult, would be Class A misdemeanor dangerous possession of a handgun and Class D felony theft. Accordingly, we affirm.

Affirmed.

ROBB, C.J., and PYLE, J., concur.