

FILED

Oct 18 2018, 5:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Susan D. Rayl
Smith Rayl Law Office, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Laura Anderson
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Gregory Wayne Parks,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | October 18, 2018<br><br>Court of Appeals Case No.<br>18A-CR-151<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable James Snyder,<br>Commissioner<br><br>Trial Court Cause No.<br>49G20-1606-F4-22060 |

**May, Judge.**

[1] Gregory Wayne Parks ("Gregory") appeals his convictions of Level 4 felony unlawful possession of a firearm by a serious violent felon,[1] Level 5 felony dealing in marijuana,[2] and two counts of Level 6 felony possession of a controlled substance.[3] Gregory argues the State did not present sufficient evidence he constructively possessed the gun and drugs found in a bag behind the driver's seat of the truck in which Gregory was riding. We affirm.

## Facts and Procedural History[4]

[2] At approximately 10:45 p.m. on June 5, 2016, Indianapolis Metropolitan Police Department Officers Matthew Plummer and Austin Birch initiated a traffic stop after they observed a truck without a driver's side headlight. When the officers approached the stopped truck, the driver, Michelle Parks ("Michelle"), attempted to exit the truck. The officers ordered the occupants to stay inside the truck but, as the officers were issuing these commands, Gregory attempted to exit the passenger side of the truck. After hearing the officers' commands, both Michelle and Gregory complied and re-entered the truck.

---

[1] Ind. Code § 35-47-4-5(c) (2014).

[2] Ind. Code § 35-48-4-10(d) (2014).

[3] Ind. Code § 35-48-4-7(b) (2014).

[4] We held oral argument on this case on September 28, 2018, at North Decatur High School. We thank school staff and students for their hospitality and counsel for their able presentations.

[3]     As Officer Plummer approached the truck, he detected an odor of raw marijuana. Once he made contact with Gregory, Officer Plummer observed two marijuana joints positioned next to a live nine-millimeter round of ammunition on the center console in plain view. Officer Plummer advised Gregory and Michelle of the reason for the stop, asked for their identifications, and asked to whom the truck belonged. After submitting their identification, both Gregory and Michelle stated simultaneously that the truck was "ours" and they were "getting mechanical work [done] to the truck." (Tr. Vol. II at 12.)

[4]     Officer Plummer returned to his vehicle and ran Gregory's and Michelle's identification to confirm their identities. He learned neither had a valid driver's license. Based on this lack of driver's licenses, coupled with the odor of raw marijuana, Officer Plummer and Officer Birch handcuffed Gregory and Michelle and searched their truck.

[5]     In addition to the marijuana joints and ammunition Officer Plummer initially observed on the center console, he found another joint on the front passenger seat. Behind the passenger seat, he found mail addressed to Gregory and Michelle. Behind the driver's seat, Officer Plummer found a black messenger bag on top of a gas can. He opened the flap of the bag and found a "brick of marijuana inside of that bag." (Id. at 14.) Officer Plummer then found a Smith and Wesson nine-millimeter handgun in the side pocket of the same bag.

[6]     After finding the gun, Officer Plummer stopped his search and placed Gregory and Michelle under arrest. Officer Plummer then called another officer to the

scene to process the gun. While they waited for that officer to arrive, Michelle indicated she did not know anything about the bag or its contents; Gregory similarly stated he did not know anything about the contents of the bag and said, "if he didn't know about it, he shouldn't be arrested." (*Id*. at 15.) Officer Brycen Garner arrived and processed the gun.

[7] Officer Plummer then continued his search of the black messenger bag. He located a digital scale with methamphetamine residue on it; two smaller baggies containing small amounts of marijuana; and a baggie containing several smaller baggies, four tablets of Diazepam, which is a Schedule IV controlled substance, and eighteen tablets of Clonazepam, which is a Schedule IV controlled substance. Officer Plummer also searched Gregory incident to his arrest and found $390.00 in small denominations and a cell phone in Gregory's pocket.

[8] On June 8, 2016, the State charged Gregory with Level 4 felony unlawful possession of a firearm by a serious violent felon, Level 5 felony dealing in marijuana, Level 5 felony possession of methamphetamine,[5] and two counts of Level 6 felony possession of a controlled substance. Gregory was tried before the bench on December 11, 2017, and the trial court found him guilty on all charges except the Level 5 felony possession of methamphetamine. On January 4, 2018, the trial court sentenced Gregory to an aggregate sentence of nine years incarcerated.

---

[5] Ind. Code § 35-48-4-6.1(b) (2014).

# Discussion and Decision

[9] When reviewing sufficiency of evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the trial court's decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the trial court's ruling. *Id.* We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the trial court's decision. *Id.* at 147.

[10] Possession can be actual or constructive. *Lampkins v. State*, 682 N.E.2d 1268, 1275 (Ind. 1997), *modified on reh'g on other grounds*, 685 N.E.2d 698 (Ind. 1997). As Gregory did not have actual possession of the contraband in question, we must determine whether the State proved he constructively possessed it. For the State to prove constructive possession, it must prove the defendant had the intent and capability to maintain dominion and control over the contraband. *Id.* To prove intent to maintain dominion and control, there must be additional circumstances supporting the inference of intent. *Id.*

[11] Proof of dominion and control, and therefore knowledge, of contraband has been found through a variety of means: (1) incriminating statements by the defendant, (2) attempted flight or furtive gestures, (3) location of substances like drugs in settings that suggest manufacturing, (4) proximity of the contraband to the defendant, (5) location of the contraband within the defendant's plain view, and (6) the mingling of the contraband with other items owned by the defendant. *Henderson v. State*, 715 N.E.2d 833, 836 (Ind. 1999). Where a passenger is charged with possession, the evidence is more likely to be sufficient when the passenger could see the contraband and was in the best position to access it, and when no evidence clearly indicates it belonged to or was under the control of another occupant of the vehicle. *Deshazier v. State*, 877 N.E.2d 200, 208 (Ind. Ct. App. 2007), *trans. denied*. "When constructive possession is alleged, the State must demonstrate the defendant's knowledge of the contraband." *Bradshaw v. State*, 818 N.E.2d 59, 63 (Ind. Ct. App. 2004). Gregory argues the State did not provide sufficient evidence Gregory knew the contraband was in the vehicle. We disagree.

[12] Regarding any incriminating statements Gregory made, upon arrest, he told officers that "if he didn't know about it, he shouldn't be arrested." (Tr. Vol. II at 15.) The State argues this statement, "[t]hough not an incriminating statement at first blush, demonstrated [Gregory's] underlying assumption that denying ownership might help him avoid arrest and punishment. His statement was a calculated choice of phrasing that lends itself more to an inference of guilt than an honest denial of ownership." (Br. of Appellee at 15.)

[13]    Regarding the location of the black messenger bag behind the driver's seat, Gregory's position in the passenger's seat indicated he could easily reach the black messenger bag. *See Holmes v. State*, 785 N.E.2d 658, 661 (Ind. Ct. App. 2003) (Holmes constructively possessed marijuana found in a vinyl bag resembling a diaper bag on the floor behind the driver's seat because it was within his reach). When considering the location of the drugs in a setting that would suggest manufacturing, we note the black messenger bag contained a large brick of marijuana, as well as multiple small baggies, which Officer Plummer testified suggested repackaging of contraband for sale. *See* Ind. Code § 35-48-1-18(2)(A) (2014) (defining "manufacturing" in relevant part as "packaging and repackaging"). Additionally, Officer Plummer found $390 in small bills in Gregory's pocket, which Officer Plummer testified was indicative of dealing. (*Id.* at 49-50.)

[14]    The State contends also "it is difficult to imagine how [Gregory] could not have been aware of the presence of the contraband in light of the strong odor of marijuana emanating from the vehicle." (Br. of Appellee at 16.) The State directs us to *Corrao v. State*, 154 Ind. App. 525, 290 N.E.2d 484 (1972), in which our court imputed knowledge of marijuana found in the trunk of a vehicle to the vehicle's driver and the vehicle's owner who was a passenger based on the smell of raw marijuana coming from the vehicle and their possessory interests in the vehicle. Similarly here, Gregory indicated a possessory interest in the truck when he answered "ours" simultaneously with Michele when asked to whom the truck belonged. (Tr. Vol. II at 12.)

[15] Finally, the items located in plain view, the joints and 9mm bullet, link Gregory with the contraband and 9mm handgun found in the black messenger bag. In *Lampkins*, 682 N.E.2d at 1275, our Indiana Supreme Court held Lampkins' proximity to contraband, there a Tylenol bottle containing crack cocaine, combined with other factors, proved Lampkins constructively possessed the contraband. *Id*. Further, in *Woods v. State*, 471 N.E.2d 691 (Ind. 1984), *reh'g denied*, our Indiana Supreme Court held the presence of ammunition matching the gun found in the vehicle, combined with other factors, proved Woods constructively possessed the gun in question. *Id*. at 694.

[16] Considering Gregory's incriminating statements, the strong odor of raw marijuana, the presence of items suggestive of manufacturing and dealing, Gregory's proximity to the black messenger bag containing the contraband, and the items in plain view linking Gregory to the contraband, we hold the State presented sufficient evidence he had the ability and intent to possess the black messenger bag and its contents, and thus the State proved Gregory constructively possessed the black messenger bag. *See Deshazier*, 877 N.E.2d at 208 (totality of circumstances supported conviction based on constructive possession).

[17] Gregory's alternate explanations regarding the factors of constructive possession are invitations for us to reweigh the evidence and judge the credibility of witnesses, which we cannot do. *See Drane*, 867 N.E.2d at 146 (appellate court cannot reweigh evidence or judge the credibility of witnesses). Further, this case was tried to the bench, and we presume the judge knows and

properly applies the relevant law to the facts of the case. *Laughlin v. State*, 101 N.E.3d 827, 830 (Ind. Ct. App. 2018).

# Conclusion

[18] The State presented sufficient evidence to prove Gregory constructively possessed the drugs and gun found in the black messenger bag. Accordingly, we affirm his convictions.

[19] Affirmed.

Najam, J., and Bailey, J., concur.