## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 29 2018, 6:02 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone IV
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Carlos Hernandez-Cabrera, *Appellant-Defendant,* | November 29, 2018 |
| v. | Court of Appeals Case No. 18A-CR-1302 |
| | Appeal from the Madison Circuit Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Angela Warner Sims, Judge. |
| | Trial Court Cause No. 48C01-1609-F6-1838 |

**Tavitas, Judge.**

## Case Summary

Carlos Hernandez-Cabrera appeals his convictions for possession of methamphetamine, a Level 6 felony; possession of paraphernalia, a Class C misdemeanor; and maintaining a common nuisance, a Level 6 felony. We affirm in part and reverse in part.

## Issues

Hernandez-Cabrera states three issues in his brief, which we restate as follows:

I.    Whether the evidence is sufficient to convict Hernandez-Cabrera of possession of methamphetamine, a Level 6 felony, and possession of paraphernalia, a Class C misdemeanor.

II.   Whether the evidence is sufficient to convict Hernandez-Cabrera of maintaining a common nuisance, a Level 6 felony.

III.  Whether Hernandez-Cabrera's convictions for possession of methamphetamine and maintaining a common nuisance violate the prohibition against double jeopardy.

## Facts

On September 7, 2016, Officer Zach Sieg and Officer Bert Chambers of the Anderson Police Department went to a house in Anderson to serve an arrest

warrant.[1]  The State did not present evidence on why the police went to that particular house to serve a warrant on Hernandez-Cabrera, who owned the house, or who lived in the house.  When the officers knocked on the door, an unknown child between eight and ten years of age answered the door.  The officers entered the house and went to a small bedroom inside.  There, the officers found Hernandez-Cabrera sleeping in his boxers on the bed.  The officers also noticed two glass smoking pipes on the floor next to the bed and an additional glass smoking pipe next to a "small baggie with crystal-like substance" on a table in the closet.  Tr. Vol. II p. 45.  The closet door was a curtain, which was already pulled back when the officers entered the room.  The closet's proximity to the door made the contents of the closet easily visible to the officers once they walked into the bedroom.  Hernandez-Cabrera was then taken into custody based on the officers' observations of the drugs and drug paraphernalia.  After Hernandez-Cabrera was taken into custody, he picked up his clothes, which were lying on the floor directly next to the two glass smoking pipes, and got dressed.  Other than Hernandez-Cabrera's clothes on the floor, it is not clear whether the bedroom was Hernandez Cabrera's, or even whether the room belonged to a male or female.[2]

---

[1] The fact that officers went to serve a warrant on Hernandez-Cabrera himself was not discussed in front of the jury per court order.  Instead, Officer Sieg merely testified that he went to serve a warrant, and the jury was not told explicitly that the warrant was for Hernandez-Cabrera.

[2] In reviewing the State's exhibits, which include photographs of the bedroom, contents of the bedroom included: food, trash, cell phones, cell phone chargers, loose change, scissors, vitamins, men's razors, women's hygiene products, alcohol, cough drops, several sweatshirts and jackets, a television, and other various unidentified items.

[4] Officers cleared the house to ensure that no one other than Hernandez-Cabrera and the child who answered the door was in the house. Officer Chambers stated that later that evening, two adult females and two or three more children arrived at the house. The officers did not know the identities of the children, who the children's parents were, or whether the children lived in the home. Hernandez-Cabrera never admitted the items in the bedroom belonged to him. The substance found in the closet tested positive for methamphetamine.

[5] The State charged Hernandez-Cabrera with Count I, possession of methamphetamine, a Level 6 felony; and Count II, possession of paraphernalia, a Class C misdemeanor. The State later added Count III, maintaining a common nuisance, a Level 6 felony. A jury convicted Hernandez-Cabrera of all three counts. Hernandez-Cabrera was sentenced to two and one-half years for Count I; sixty days for Count II; and two and one-half years for Count III, with his sentence to be served concurrently at the Department of Correction. Hernandez-Cabrera received an aggregate sentence of two and one-half years. Hernandez-Cabrera now appeals.

## Analysis

[6] Hernandez-Cabrera challenges the sufficiency of the evidence for all three of his convictions. When there is a challenge to the sufficiency of the evidence, "[w]e neither reweigh evidence nor judge witness credibility." *Gibson v. State,* 51 N.E.3d 204, 210 (Ind. 2016) (citing *Bieghler v. State,* 481 N.E.2d 78, 84 (Ind. 1985), *cert. denied*). Instead, "we 'consider only that evidence most favorable to the judgment together with all reasonable inferences drawn therefrom.'" *Id.*

(quoting *Bieghler,* 481 N.E.2d at 84)*.* "We will affirm the judgment if it is supported by 'substantial evidence of probative value even if there is some conflict in that evidence.'" *Id.* (quoting *Bieghler,* 481 N.E.2d at 84)*; see also McCallister v. State,* 91 N.E.3d 554, 558 (Ind. 2018) (holding that, even though there was conflicting evidence, it was "beside the point" because that argument "misapprehend[s] our limited role as a reviewing court"). Further, "[w]e will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Love v. State,* 73 N.E.3d 693, 696 (Ind. 2017) (citing *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007)).

## I.     The Possession of Methamphetamine and Possession of Paraphernalia Convictions

Hernandez-Cabrera was convicted of two separate possession offenses. First, Hernandez-Cabrera was convicted of possession of methamphetamine, a Level 6 felony, under Indiana Code Section 35-48-4-6.1(a). Indiana Code Section 35-48-4-6.1(a) states:

> [a] person who, without a valid prescription or order of a practitioner acting in the course of the practitioner's professional practice, knowingly or intentionally possesses methamphetamine (pure or adulterated) commits possession of methamphetamine, a Level 6 felony . . . .

Second, Hernandez-Cabrera was convicted of possession of paraphernalia, a Class C misdemeanor, under Indiana Code Section 35-48-4-8.3(b)(1). Indiana Code Section 35-48-4-8.3(b)(1) states: "[a] person who knowingly or intentionally possesses an instrument, a device, or another object that the

person intends to use for . . . . introducing into the person's body a controlled substance . . . . commits a Class C misdemeanor."

[8] Hernandez-Cabrera specifically argues that: (1) Hernandez-Cabrera did not have "the exclusive control and possession of the property"; and (2) Hernandez-Cabrera did not have "constructive possession of the meth[amphetamine] or paraphernalia." Appellant's Br. p. 5. Hernandez-Cabrera does not appear to challenge the other elements of his possession offenses.

[9] Hernandez-Cabrera did not have the methamphetamine or paraphernalia on his person. Rather, the items were found in the small room that Hernandez-Cabrera was sleeping in when police arrived. Accordingly, in the absence of actual possession of drugs, "constructive" possession may support a conviction for a drug offense. *See Cannon v. State,* 99 N.E.3d 274, 279 (Ind. Ct. App. 2018). In proving constructive possession, the State must show "that the defendant has both (i) the intent to maintain dominion and control over the drugs and (ii) the capability to maintain dominion and control over the drugs." *Id.*

[10] Here, the capability element was met as to both the methamphetamine and paraphernalia. The paraphernalia was within arm's reach of Hernandez-Cabrera. The methamphetamine, while not necessarily within arm's reach, was still on a table in the closet in very close proximity to Hernandez-Cabrera, and easily visible to those—including the officers—who walked in the room where Hernandez-Cabrera was sleeping.

[11] The intent element was also established. "When a defendant's possession of the premises on which drugs are found is not exclusive, then the inference of intent to maintain dominion and control over the drugs 'must be supported by additional circumstances pointing to the defendant's knowledge of the nature of the controlled substances and their presence.'" *Id.* (citing *Lampkins v. State,* 682 N.E.2d 1268, 1275 (Ind. 1997), *on reh'g,* 685 N.E.2d 698 (Ind. 1997)). "Among recognized additional circumstances are: (1) incriminating statements made by the defendant; (2) attempted flight or furtive gestures; (3) a drug manufacturing setting; (4) proximity of the defendant to the contraband; (5) the contraband being in plain view; and (6) the location of the contraband being in close proximity to items owned by the defendant." *Harrison v. State,* 32 N.E.3d 240, 248 (Ind. Ct. App. 2015) (citing *Floyd v. State,* 791 N.E.2d 206, 210-11 (Ind. Ct. App. 2003), *trans. denied*), *trans denied.*

[12] The methamphetamine and the smoking pipes were in close proximity to Hernandez-Cabrera, and in close proximity to Hernandez-Cabrera's belongings. When officers arrived, Hernandez-Cabrera was undressed and asleep on a mattress, which was directly next to the smoking pipes and mere feet away from the methamphetamine. When Hernandez-Cabrera dressed himself after he was awakened by officers, Hernandez-Cabrera's clothes were immediately next to the smoking pipes. Hernandez-Cabrera's argument that evidence of other additional circumstances was not presented is simply an invitation to reweigh evidence, which we cannot do.

[13]   Accordingly, there was sufficient evidence for a jury to find that Hernandez-Cabrera had constructive possession of the methamphetamine and the paraphernalia. The evidence is sufficient to support Hernandez-Cabrera's conviction for possession of methamphetamine and possession of paraphernalia.

## II.   *The Maintaining a Common Nuisance Conviction*

[14]   Hernandez-Cabrera was charged with maintaining a common nuisance, a Level 6 felony, under Indiana Code Section 35-45-1-5(c). Indiana Code Section 35-45-1-5(c) states: "[a] person who knowingly or intentionally maintains a common nuisance commits maintaining a common nuisance, a Level 6 felony." The statute also defines common nuisance as follows:

> (a) [a]s used in this section, "common nuisance" means a building, structure, vehicle, or other place that is used for (1) or more of the following purposes:
>
> * * * * *
>
> (3) [t]o unlawfully:
>
>    (A) use;
>
>    (B) manufacture;
>
>    (C) keep;
>
>    (D) offer for sale;

(E) sell;

(F) deliver; or

(G) finance the delivery of;

a controlled substance or an item of drug paraphernalia (as described in IC 35-48-4-8.5).

Ind. Code § 35-45-1-5(a)(3).

[15] Indiana Code Section 35-45-1-5 was enacted in 2016 after the legislature repealed the previous statute, Indiana Code Section 35-48-4-13, which governed maintaining a common nuisance. There have been several amendments to the statute, which resulted in questions about whether the legislature intended to require proof that an act or occurrence take place more than once to support a conviction for maintaining a common nuisance. In *Leatherman v. State,* a panel of this court outlined the history of the amendments, saying:

> Under the 2008 version of the statute, there was no requirement for ongoing instances of prohibited activity; as the Seventh Circuit noted in *Wheeler v. Lawson,* the 2008 version of the statute abrogated *Wells* . . . . The "one or more times" language remained in the statute for several years, until the statute was again updated in Indiana Code Section 35-45-1-5 (2016) to remove the language . . . . The 2016 amendment to the statute is significant in that it evidences a conscious desire on the part of our Legislature that the common nuisance statute *not* be applied to isolated instances of prohibited activity . . . .

101 N.E.3d 879, 883-884 (Ind. Ct. App. 2018) (emphasis supplied).

[16] The 2016 version, which the *Leatherman* court discusses, was the version of the statute in effect at the time Hernandez-Cabrera was charged. Therefore, Hernandez-Cabrera's concivction should be analyzed keeping in mind that the legislature intended "that a common nuisance is one in which continuous or recurrent prohibited activity takes place." *Leatherman,* 101 N.E.3d at 884.

[17] Hernandez-Cabrera argues that "[t]he evidence in this case, at most, showed an isolated occurrence of prohibited activity. There was no evidence of a recurrent or continuing violation required to be guilty of maintaining a common nuisance." Appellant's Br. p. 14. Therefore, according to Hernandez-Cabrera, the evidence was not sufficient to support the conviction. The State does not address this argument.[3]

[18] We agree with Hernandez-Cabrera that there was no evidence presented that the activity was continuous or recurrent. The State does not refute this argument. Accordingly, the evidence was insufficient to convict Hernandez-Cabrera of maintaining a common nuisance, a Level 6 felony. We, therefore, reverse and vacate Hernandez-Cabrera's conviction on this count. Accordingly, because we reverse and vacate this conviction, we do not address Hernandez-Cabrera's double jeopardy argument.

---

[3] While the State's brief identifies that one of the issues in dispute is "[w]hether the State presented sufficient evidence to sustain Hernandez-Cabrera's convictions," the State only addresses whether the evidence supported the possession charges. Appellee's Br. p. 5. The State does not address arguments directly regarding the maintaining a common nuisance conviction.

## Conclusion

[19] For the foregoing reasons, we find there was sufficient evidence to convict Hernandez-Cabrera of possession of methamphetamine, a Level 6 felony, and possession of paraphernalia, a Class C misdemeanor. However, the evidence was insufficient to convict Hernandez-Cabrera of maintaining a common nuisance, a Level 6 felony. Therefore, we reverse and vacate Hernandez-Cabrera's conviction and vacate his sentence on that count only. Because we find there is insufficient evidence on Hernandez-Cabrera's maintaining a common nuisance conviction, we decline to address the double jeopardy issue. We affirm in part and reverse in part.

[20] Affirmed in part, reversed in part.

Brown, J., and Altice, J., concur.