## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 07 2020, 9:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Tyler D. Helmond
Voyles Vaiana Lukemeyer Baldwin & Webb
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

F. Aaron Negangard
Chief Deputy Attorney General

Tina L. Mann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jody D. Selby,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 7, 2020

Court of Appeals Case No.
19A-CR-2584

Appeal from the Vanderburgh
Circuit Court

The Honorable Gary J. Schutte,
Magistrate

Trial Court Cause No.
82C01-1908-F6-5504

**Crone, Judge.**

# Case Summary

[1] Jody Selby appeals his convictions, following a jury trial, for level 6 felony possession of methamphetamine and class A misdemeanor possession of a controlled substance. The sole issue presented for our review is whether the State presented sufficient evidence to support the convictions. Finding the evidence sufficient, we affirm.

# Facts and Procedural History

[2] On August 5, 2019, at approximately 9:30 p.m., Detective Jeff Taylor of the Evansville Police Department arrived at a Vanderburgh County residence to serve a felony warrant for a probation violation on L.T. As Detective Taylor approached the residence, he observed a red vehicle parked in the driveway with its passenger door open. Selby was inside the car using a flashlight to look around the vehicle. Detective Taylor was suspicious about what Selby was doing, so he did a visual scan of the vehicle and Selby's hands to make sure that Selby was not armed, and that there was not a weapon within his reach. Detective Selby saw no weapons, and he also observed that there was nothing on the driver's seat.

[3] Selby was startled when Detective Taylor, who was dressed in his police uniform, approached and began speaking to him. Selby behaved nervously, his hands were shaking, and he seemed "like he was unsettled when[] he saw the police." Tr. Vol. 2 at 8. Selby gave Detective Taylor his identification upon request, but he did not make eye contact with the detective and instead looked

at the ground. Detective Taylor asked Selby if he lived at the residence, and Selby responded that he was "staying" there. *Id*.

[4] Due to Selby's nervous behavior, Detective Taylor asked Selby to step out of the vehicle so that he could perform a patdown search for weapons. As soon as Detective Taylor began the patdown, he felt Selby's "hand go into his pocket," and a struggle ensued. *Id*. at 10. Detective Taylor grabbed Selby's wrist and then felt Selby "flick" his wrist, "as if he pulled something out and it was tossed." *Id*. at 11. The struggle ended when Detective Taylor was able to get handcuffs on Selby. Detective Taylor moved Selby away from the vehicle, and then looked to see what Selby had tossed. Detective Taylor observed a white box sitting on the vehicle's driver's seat that had not been there earlier. Detective Taylor opened the box and found what was later determined to be 5.33 grams of methamphetamine, as well as alprazolam pills.

[5] The State charged Selby with level 6 felony possession of methamphetamine and class A misdemeanor possession of a controlled substance. The State also filed a separate habitual offender sentence enhancement. Following trial, a jury found Selby guilty of both possession charges. Selby then pled guilty to the habitual offender enhancement. The trial court sentenced Selby to concurrent terms of two years for the level 6 felony, and one year for the class A misdemeanor. The court enhanced Selby's level 6 felony sentence by an

additional five years for being a habitual offender, for an aggregate sentence of seven years. This appeal ensued.[1]

## Discussion and Decision

[6] Selby challenges the sufficiency of the evidence to support his convictions. When reviewing a claim of insufficient evidence, we neither reweigh the evidence nor assess witness credibility. *Bell v. State*, 31 N.E.3d 495, 499 (Ind. 2015). We look to the evidence and reasonable inferences drawn therefrom that support the conviction, and will affirm if there is probative evidence from which a reasonable factfinder could have found the defendant guilty beyond a reasonable doubt. *Id.* In short, if the testimony believed by the trier of fact is enough to support the conviction, then the reviewing court will not disturb it. *Id.* at 500.

[7] To convict Selby of level 6 felony possession of methamphetamine, the State was required to prove beyond a reasonable doubt that he, without a valid prescription, knowingly or intentionally possessed methamphetamine (pure or adulterated). Ind. Code § 35-48-4-6.1(a). To convict Selby of class A misdemeanor possession of a controlled substance, the State was required to prove that he, without a valid prescription, knowingly or intentionally possessed a controlled substance (pure or adulterated) classified in schedule I,

---

[1] Selby does not appeal the habitual offender finding or sentence enhancement.

II, III, or IV. Ind. Code § 35-48-4-7. Alprazolam is listed as a schedule IV controlled substance. *See* Ind. Code § 35-48-2-10.

[8] Selby asserts that the State failed to prove that he possessed either the methamphetamine, or the alprazolam, found in the white box. Possession can be actual or constructive. *Parks v. State*, 113 N.E.3d 269, 273 (Ind. Ct. App. 2018). As Selby did not have actual possession of the white box containing the contraband at the time it was discovered, we must determine whether the State proved that he constructively possessed it.[2] To prove constructive possession, the State was required to prove that Selby had the intent and capability to maintain dominion and control over the contraband. *Id*. "When constructive possession is alleged, the State must demonstrate the defendant's knowledge of the contraband." *Bradshaw v. State*, 818 N.E.2d 59, 63 (Ind. Ct. App. 2004). Proof of dominion and control, and therefore knowledge, of contraband has been found through a variety of means: (1) incriminating statements by the defendant, (2) attempted flight or furtive gestures, (3) location of substances like drugs in settings that suggest manufacturing, (4) proximity of the contraband to the defendant, (5) location of the contraband within the defendant's plain view, and (6) the mingling of the contraband with other items owned by the defendant. *Parks*, 113 N.E.3d at 273 (citing *Henderson v. State*, 715 N.E.2d 833, 836 (Ind. 1999)).

---

[2] Although we address Selby's challenge to the sufficiency of the evidence in terms of constructive possession, we agree with the State that a reasonable trier of fact could have inferred from the evidence that Selby had actual possession of the contraband before he discarded it onto the driver's seat.

Here, Selby was the only person in the vehicle when Detective Taylor approached. Selby behaved nervously, and, when Detective Taylor performed a patdown search for weapons, Selby suddenly began struggling and pulled something from his pocket and "flicked" it. Tr. Vol. 2 at 11. After struggling with Selby and removing him from the immediate vicinity of the vehicle, Detective Taylor observed the white box containing the contraband on the vehicle's driver's seat, where it had not been previously. Based upon Selby's struggle with Detective Taylor along with his furtive gesture, and the location and proximity of the contraband to where Selby had just been, it was reasonable for the jury to infer that Selby had the intent and capability to maintain dominion and control over the contraband. The State presented sufficient evidence that Selby constructively possessed the contraband. Therefore, we affirm his convictions.

Affirmed.

Bailey, J., and Altice, J., concur.