

FILED

Jan 20 2021, 8:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher J. Petersen
Goshen, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Jesse R. Drum
Supervising Deputy Attorney
General
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Steven P. Smith,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | January 20, 2021<br><br>Court of Appeals Case No.<br>20A-CR-1014<br><br>Appeal from the Elkhart Superior<br>Court<br><br>The Honorable Charles Carter<br>Wicks, Judge<br><br>Trial Court Cause No.<br>20D05-1908-F6-1190 |

**Altice, Judge.**

### Case Summary

Steven P. Smith was tried in absentia and convicted of Level 6 felony operating while intoxicated (OWI) and found to be a habitual vehicular substance

offender (HVSO). He presents two issues for review, which we restate as follows:

> 1. Did the trial court abuse its discretion by conducting Smith's jury trial in absentia?

> 2. Did the trial court commit fundamental error when it informed the prospective jurors that the court had personally advised Smith of the trial date a few weeks prior?

We affirm.

## Facts & Procedural History

Late at night on August 24, 2019, Smith drove a moped after drinking at a local bar. Goshen Police Department Officer Austin Eberage observed Smith driving on U.S. Highway 33 and initiated a traffic stop after Smith changed lanes without signaling and was "extremely wobbly" while at a red light. *Transcript Vol. II* at 149. Instead of pulling over to the right upon being stopped, Smith crossed the center line into the oncoming traffic lane and then parked in the grass off of that side of the road. Officer Eberage approached and noticed that Smith smelled strongly of alcohol and that Smith's eyes were bloodshot and glassy. Smith failed a field sobriety test and then refused to submit to a chemical test after being advised of the implied consent law. Officer Eberage arrested Smith for OWI.

[4]     On August 29, 2019, the State charged Smith with OWI, enhanced from a Class A misdemeanor to a Level 6 felony based on a prior OWI conviction. The State also alleged that Smith was an HVSO.

[5]     At a hearing on December 23, 2019, the trial court scheduled the jury trial for February 6, 2020. The court advised Smith, "If you don't show up, the State may elect to try you in your absence." *Id*. at 23. The trial was later rescheduled for March 5, 2020. Thereafter, at a hearing on February 17, 2020, the court confirmed this new trial date in Smith's presence. The court then asked Smith, "You're acknowledging you have to be here March 5, sir?" *Id*. at 27-28. Smith responded, "Yeah." *Id*. at 28.

[6]     Smith did not appear for his jury trial on March 5, 2020. Upon inquiry by the trial court, defense counsel advised that he had not seen Smith that morning. The court noted that Smith had been personally advised in open court of the trial date and that a warrant was pending for Smith in another matter.[1] Accordingly, the court proceeded with the jury trial in Smith's absence and brought in the prospective jurors. Before voir dire, the trial court noted Smith's absence and informed the prospective jurors that the court had "personally advised Mr. Smith of his trial date in open court a few weeks ago." *Id*. at 33.

---

[1] On February 12, 2020, Smith failed a probation drug screen, testing positive for methamphetamine and other drugs. Thereafter, Smith failed to appear for a probation violation hearing in another case, resulting in the trial court issuing a bench warrant on February 20, 2020.

[7] The jury ultimately found Smith guilty as charged. The trial court took the verdict under advisement and issued a bench warrant for Smith. This warrant, along with the one issued in the probation matter, was served on March 9, 2020. Following several continuances, the sentencing hearing took place on May 4, 2020. The trial court entered a judgment of conviction for Level 6 OWI with an enhancement for being an HVSO and sentenced Smith to six years in prison. Smith now appeals. Additional information will be provided below as needed.

## Discussion & Decision

### 1. Trial in Absentia

[8] Smith contends that he did not waive his right to be present at trial and that, therefore, the trial court abused its discretion by conducting the jury trial in absentia. We cannot agree, as Smith clearly waived his right to be present.

[9] The United States and Indiana Constitutions afford defendants in a criminal proceeding the right to be present at their trial. U.S. Const. amend. VI; Ind. Const. art. 1, § 13. A criminal defendant may be tried in absentia, however, if the trial court determines that the defendant knowingly and voluntarily waived that right. *Jackson v. State*, 868 N.E.2d 494, 498 (Ind. 2007).

> When a defendant fails to appear for trial and fails to notify the trial court or provide it with an explanation of his absence, the trial court may conclude the defendant's absence is knowing and voluntary and proceed with trial when there is evidence that the defendant knew of his scheduled trial date.

*Id.* "The best evidence that a defendant knowingly and voluntarily waived his or her right to be present at trial is the 'defendant's presence in court on the day the matter is set for trial.'" *Lampkins v. State*, 682 N.E.2d 1268, 1273 (Ind. 1997) (quoting *Fennell v. State*, 492 N.E.2d 297, 299 (Ind. 1986)), *modified on reh'g*, 685 N.E.2d 698.

[10] Here, the record establishes that Smith knew of his March 5, 2020 trial date, as he was informed of and affirmatively acknowledged that date in open court on February 17, 2020. Further, the trial court had previously advised Smith that if he did not show up for trial, "the State may elect to try you in your absence." *Transcript Vol. II* at 23. On March 5, Smith did not appear in court, nor did he contact his attorney or the court. At the time, he also had a pending bench warrant in his probation case, which was issued in February after he failed a drug test. Following his trial in absentia and his subsequent arrest on the two bench warrants, Smith claimed that he did not appear for his jury trial because he was "pretty sick" and later explained that he was "dizzy and, you know, light-headed and didn't get to trial." *Id.* at 227, 230. In other words, Smith was aware of the date of his jury trial but chose not to attend and failed to notify the court of his alleged illness until after his subsequent arrest. On this record, the trial court did not abuse its discretion when it held the jury trial in Smith's absence because Smith knowingly and voluntarily waived his right to be present.

## 2. Fundamental Error

Next, Smith asserts that the trial court erroneously informed the prospective jurors that it had personally notified Smith of the trial date a few weeks prior. Acknowledging that he did not preserve the issue below, Smith claims that the error was fundamental because it brought attention to his absence and violated "his right against self-incrimination without any adverse comment at trial." *Appellant's Brief* at 10.

The fundamental error exception is exceedingly narrow and applies only where "the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010) (quoting *Mathews v. State*, 849 N.E.2d 578, 587 (Ind. 2006)). Our Supreme Court has emphasized that the exception is available only in egregious circumstances where the claimed error made a fair trial impossible or constituted clearly blatant violations of basic and elementary principles of due process. *Id*.

Smith has failed to establish error, let alone fundamental error. It is true that the trial court is prohibited under the Fifth Amendment of the United States Constitution, via the Fourteenth Amendment, from commenting at trial on the defendant's refusal to testify. *Ziebell v. State*, 788 N.E.2d 902, 913 (Ind. Ct. App. 2003). "Such a comment violates a defendant's privilege against compulsory self-incrimination if the statement 'is subject to reasonable interpretation by a jury as an invitation to draw an adverse inference from a defendant's silence.'" *Id*. (quoting *Boatright v. State*, 759 N.E.2d 1038, 1043 (Ind. 2001)).

[14]     We agree with the State that the trial court's comment in no way invited the prospective jurors to draw an adverse inference from defendant's silence. The trial court simply recognized Smith's absence – an obvious fact – and informed the prospective jurors that Smith had been advised in open court of the trial date. The court did this to avoid juror speculation about whether Smith had knowledge of the trial. The court then advised the prospective jurors regarding the presumption of innocence and the State's burden of proof.[2]

[15]     The trial court did not mention Smith's silence, much less invite the jury to misuse it. Therefore, we find no error. *Cf. Boatright*, 759 N.E.2d at 1043 (finding no error where "[t]he prosecutor's comment did not focus on, or even mention, Defendant's decision not to testify").

[16]     Judgment affirmed.

Mathias, J. and Weissmann, J., concur.

---

[2] At trial, the jury was instructed that, among other things, Smith was "not required to present any evidence to prove his innocence or explain anything." *Transcript Vol. II* at 126 (preliminary instructions), 191 (final instructions). The court also instructed:

> Where a person is charged with the commission of a crime, cannot [sic] be compelled to testify. Is under no duty or obligation to testify. The fact that they did not testify raises no presumption of any kind against him or her. Should not be commented upon, referred to in any manner considered by you, during deliberations.

*Id*. at 193.