STATE of Indiana, Appellant–Plaintiff,

v.

Grant GIBSON, Appellee–Defendant.

No. 40A04–0712–CR–669.

Court of Appeals of Indiana.

May 27, 2008.

---

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General Indianapolis, IN, Attorney for Appellant.

## OPINION

MAY, Judge.

The State of Indiana appeals the suppression of evidence collected from Grant

Gibson's car. Because the dog sniff herein did not violate the Fourth Amendment to the United States Constitution or Article 1, Section 11 of the Indiana Constitution, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On April 13, 2007, North Vernon Police Officer Craig Kipper stopped Gibson's car because the license plate was not properly illuminated.[1] Officer Kipper obtained Gibson's license and registration and returned to his patrol car to check the status of Gibson's license and to write a warning ticket. While Officer Kipper was completing these tasks, Officer Taylor arrived on the scene with his police dog. Officer Taylor told Gibson he would be using the dog to conduct an open-air sniff around the car. Officer Taylor asked Gibson if there was anything in the car the officer should know about prior to the sniff, and Gibson handed him a bag of marijuana. As the dog walked around the car, it indicated the car contained additional drugs, and paraphernalia was recovered from the car's ashtray.

The State charged Gibson with possession of marijuana[2] and possession of paraphernalia.[3] Gibson moved to suppress the evidence. The court granted the motion after finding "no reasonable suspicion to have the dog sniff the car." (App. at 48.)

## DISCUSSION AND DECISION

■ When the State appeals the grant of a motion to suppress, it appeals a negative judgment. *State v. Litchfield,* 849 N.E.2d 170, 174 (Ind.Ct.App.2006), *trans. denied* 860 N.E.2d 589 (Ind.2006). We may reverse a negative judgment only if the court's ruling was contrary to law or if all the evidence and reasonable inferences lead to a conclusion opposite that of the trial court. *Id.* As we conduct our review, we may not reweigh the evidence or reassess the credibility of the witnesses. *Id.*

■ However, we note Gibson did not file a brief. When an appellee does not submit a brief, we need not undertake the burden of developing an argument for the appellee, and we may reverse if the appellant can establish *prima facie* error. *Miller v. Reinert,* 839 N.E.2d 731, 737 (Ind.Ct. App.2005), *trans. denied* 860 N.E.2d 584 (Ind.2006). In this context, *"prima facie"* is defined as "at first sight, on first appearance, or on the face of it." *Id.*

1. *Fourth Amendment*

■ The State correctly asserts the Federal Constitution does not require reasonable suspicion for a dog sniff. In *Myers v. State,* 839 N.E.2d 1154, 1158 (Ind.2005), *cert. denied* 547 U.S. 1148, 126 S.Ct. 2295, 164 L.Ed.2d 814 (2006), our Indiana Supreme Court explained:

The United States Supreme Court has recently addressed "[w]hether the Fourth Amendment requires reasonable, articulable suspicion to justify using a drug-detection dog to sniff a vehicle during a legitimate traffic stop." *Illinois v. Caballes,* 543 U.S. 405, 125 S.Ct. 834, 837, 160 L.Ed.2d 842, 846 (2005). The Supreme Court observed that the dog sniff was performed on the exterior of a car and held that "[a]ny intrusion on respondent's privacy expectations does not rise to the level of a constitutionally cognizable infringement." *Caballes,*

---

1. Ind.Code § 9–19–6–4(e) requires illumination of a rear license plate, and pursuant to Ind.Code § 9–19–6–8(c)(2) the light must be white.

2. Ind.Code § 35–48–4–11.

3. Ind.Code § 35–48–4–8.

[543 U.S. at 409, ]125 S.Ct. at 838, 160 L.Ed.2d at 847. Noting the absence of any contention that the traffic stop involved an unreasonable detention, the Court concluded: "A dog sniff conducted during a concededly lawful traffic stop that reveals no information other than the location of a substance that no individual has any right to possess does not violate the Fourth Amendment." *Caballes*, [543 U.S. at 410, ]125 S.Ct. at 838, 160 L.Ed.2d at 848. The effect of *Caballes* is to supercede the defendant's assertions regarding *Cannon*[ *v. State*, 722 N.E.2d 881 (Ind.App.2000) ] and *Kenner*[ *v. State*, 703 N.E.2d 1122 (Ind. App.1999) ] on this point.

In accordance therewith, for Fourth Amendment purposes, a dog sniff of the exterior of Gibson's car was not a search, did not invade Gibson's privacy interest, and did not need to be justified by reasonable suspicion.[4] *See also Myers v. State*, 839 N.E.2d 1146, 1149 (Ind.2005) ("a canine sweep of the exterior of a vehicle does not intrude upon a Fourth Amendment privacy interest"). Therefore, the court erred as a matter of law when it suppressed the evidence based on a lack of reasonable suspicion.

### 2. *Article 1, Section 11*

▮ Article 1, Section 11 provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure, shall not be violated...."

The purpose of this article is to protect from unreasonable police activity those areas of life that Hoosiers regard as private. The provision must receive a liberal construction in its application to guarantee the people against unreasonable search and seizure. In resolving challenges asserting a Section 11 violation, courts must consider the circumstances presented in each case to determine whether the police behavior was reasonable. We place the burden on the State to show that under the totality of the circumstances its intrusion was reasonable.

*State v. Quirk*, 842 N.E.2d 334, 339–40 (Ind.2006).

As we noted above, in *Myers*, 839 N.E.2d 1146, our Indiana Supreme Court reiterated "the use of such narcotics-detection dogs to sniff the exterior of an automobile does not implicate Fourth Amendment privacy interests." *Id.* at 1150. However, in addressing Myers' claim based on Article 1, Section 11 of the Indiana Constitution, the Court addressed only whether the warrantless search of the Myers' car was reasonable under the circumstances—one of which included the narcotics-detecting dog's alert on sniffing the car. *See id.* at 1153–54. The opinion does not indicate whether a dog sniff of the exterior of an automobile might invade a privacy interest protected by our Indiana Constitution. Accordingly, we must evaluate the reasonableness of the dog sniff of Gibson's car. *See Wilson v. State*, 847 N.E.2d 1064, 1067 (Ind.Ct.App.2006) (noting *Myers* held "a dog sniff, if reasonable, did not violate the United States or Indiana Constitutions").

▮ To assess the reasonableness of an officer's actions under the totality of the circumstances, we must consider "both the degree of intrusion into the subject's ordinary activities and the basis upon

---

4. We also note the court explicitly found "Officer Taylor arrived on the scene as Officer Kipper was writing the Defendant a ticket." (App. at 48.) Gibson has not challenged this finding, which leads us to conclude that, as in *Myers*, we need not be concerned about the possibility of an "unreasonable detention." 839 N.E.2d at 1158.

which the officer selected the subject of the search or seizure." *Myers,* 839 N.E.2d at 1153. Factors we balance include: "1) the degree of concern, suspicion, or knowledge that a violation has occurred, 2) the degree of intrusion the method of the search or seizure imposes on the citizens' ordinary activities, and 3) the extent of law enforcement needs."[5] *Id.*

The record does not suggest Officer Taylor had any suspicion or knowledge Gibson was in possession of drugs or paraphernalia. Nevertheless, because Gibson was being detained while Officer Kipper completed his traffic stop, Officer Taylor did not intrude into Gibson's freedom of movement. As for the extent of law enforcement needs, we note the trafficking of illegal drugs frequently associated with violence and no simpler method exists for detection of hidden drugs than a dog sniff. Under the totality of the circumstances herein, Officer Taylor's decision to walk his dog around Gibson's car was not unreasonable under Article 1, Section 11 of the Indiana Constitution.

Because the dog sniff violated neither the United States Constitution nor the Indiana Constitution, we reverse and remand.

Reversed and remanded.

VAIDIK, J., and MATHIAS, J., concur.

---

5. The State asserts we need not balance these factors to determine the reasonableness of the dog sniff under the Indiana Constitution because Gibson "handed the marijuana to the officer" before the dog sniff occurred. (Appellant's Br. at 6.) We decline to address this argument because the State did not raise it in the trial court. Moreover, while the marijuana was produced in response to the officer's question, the paraphernalia underlying the second charge against Gibson was seized during the search justified by the dog sniff. Accordingly, we analyze whether the dog sniff was reasonable under the totality of the circumstances.