BAKER, Judge,
concurring in result.
I agree that the trial court properly admitted the contraband seized from Blankenship’s hotel room into evidence. However, I part ways with the majority’s need to discuss the notion that the officers’ search was justified because they “acted in good faith”[7] when executing the search warrant and searching Blankenship’s hotel room. Op. at 782-85.
As the majority points out, Dasko sniff-searched a common area hallway at a hotel where the police officers had been explicitly invited to search by the hotel’s manager. Id. at 784. In other words there was no arbitrary or random canine sniff at the hotel absent the business’ consent. Indeed, the circumstances here differ markedly from those in Hoop v. State, 909 N.E.2d 463 (Ind.Ct.App.2009), where there a canine sniff-search was conducted at the front door of a private residence. There was no direct observation by the police in Hoop of a woman in Malone’s condition, and there was no sighting of a gun holster. That said, I believe that the evidence in this case establishes that Dasko’s sniff-sweep of the common areas at the hotel, at the hotel manager’s request, was reasonable, and the good faith reliance discussion set forth in Hoop does not control the outcome here.
I would also note that this court has previously approved dog sniffs of vehicles lawfully stopped for traffic violations without reasonable suspicion. State v. Gibson, 886 N.E.2d 639, 643 (Ind.Ct.App.2008). Dog sniffs have also been approved for packages in the mail when the delivery of the item was not substantially delayed. Rios v. State, 762 N.E.2d 153, 160-61 (Ind.Ct.App.2002).
In my view, when applying the provisions of Article 1, Section 11 of the Indiana Constitution, there was a strong suspicion in this case of criminal activity occurring in the hotel when the manager reported to the police that she found evidence that the patrons were using drugs in the rooms. The degree of intrusion, if any, was low, inasmuch as the dog sniff was conducted late in the evening when it was presumed that the patrons were sleeping. In fact, it was noted at the suppression hearing that *786 “all of the other guests who were there that night didn’t even know that it had happened. That’s how little intrusion there in fact was.” Tr. p. 40. Blankenship even concedes that “the degree of intrusion was slight.” Appellant’s Br. p. 9.
Additionally, the extent of the police officers’ need to function as community caretakers at the behest of concerned property owners was high. Preventing law enforcement personnel from coming to the aid of a property owner who fears that his or her property is being unwillingly turned into a drug haven would result in the type of unreasonableness that the Fourth Amendment attempts to avoid.
For these reasons, I do not believe that the canine “free air sniff’ from the hotel’s hallway violated Blankenship’s rights under Article 1, Section 11 of the Indiana Constitution. Thus, the search warrant was validly issued, the police officers conducted a proper search of the hotel room, and the evidence was properly admitted at trial. As a result, I would affirm Blankenship’s convictions.

. As the majority observes, the good faith exception is codified in Indiana Code section 35-37-4-5.